## Primary Election Expenses

MARGIOTTI, Attorney General, April 19, 1938.—We are in receipt of your letter of April 5, 1938, wherein you request our opinion on the proper procedure which candidates and political committees must pursue in the receipt of funds for primary expenses, their disbursement, and the accounting therefor.

Your inquiry arises under sections 1601 to 1613, inclusive, of the Pennsylvania Election Code of June 3, 1937, P. L. 1333, 25 PS §3221, et seq. In brief, those provisions govern the subject of election contributions and expenditures. With exceptions hereinafter noted, they are a substantial reënactment of the Corrupt Practices Act of March 5, 1906, P. L. 78. The reason for, and the purpose of, this act have been described in Bechtel's Election Expenses, 39 Pa. Superior Ct. 292, 302-03 (1909) :

"It was enacted at a special session of the legislature summoned by the governor, and was the legislative response to a vigorous demand by the people, that a remedy be found to stop the corruption fast becoming an incident of our popular elections which, if unchecked, would soon destroy the free and honest expression of the will of the people. . . .

"Manifestly the purpose of this enactment was to compel the candidate to place upon the public records such clear and detailed information, described in the foregoing language, as would enable the people to determine, after an inspection of his account with the accompanying vouchers, whether he had obeyed or violated the mandates of the law in which they were so vitally interested."

The provisions are remedial legislation, and so, must be liberally interpreted in order to effectuate their purpose. With these preliminary considerations set out, we shall proceed to discuss your specific questions.

1. May a State-wide candidate authorize a central political committee, functioning over the entire State, to receive contributions and incur indebtedness in his behalf, and, in addition, may he so authorize local committees in each of the 67 counties of the Commonwealth?

This question must be answered in the affirmative. Section 1601(c) of the Pennsylvania Election Code, supra, insofar as pertinent to the present inquiry, defines a political committee to include:

". . . every two or more persons who shall be elected, appointed or chosen, or who shall have associated them-

selves or coöperated for the purpose, wholly or in part, of raising, collecting or disbursing money, or of controlling or directing the raising, collection or disbursement of money for primary or election expenses."

Primary or election expenses are defined, inter alia, by the same section to include all expenditures of money or other valuable things, and liabilities incurred, in furtherance of or in respect to the candidacy of any candidate. Section 1603 of the code provides:

"(a) No treasurer of any political committee shall receive or disburse any money or incur any liability for primary expenses in furtherance of the candidacy of any candidate for nomination, until such political committee shall have been authorized in writing by the candidate to receive and disburse money and incur liability for his primary expenses, and a copy of such written authorization shall have been filed in the office of the Secretary of the Commonwealth, in the case of State-wide committees, or in the office of the county board of elections of the county in which such treasurer maintains his office, in the case of other committees.

"(b) No treasurer of any political committee shall receive or disburse any money or incur any liability for election expenses in furtherance of the candidacy of any candidate for election, until such political committee shall have been authorized in writing by the candidate to receive and disburse money and incur liability for his election expenses, and a copy of such written authorization shall have been filed in the office of the Secretary of the Commonwealth, in the case of State-wide committees, or in the office of the county board of elections of the county in which such treasurer maintains his office, in the case of other committees: Provided, however, That the treasurer of any State, county, city, borough, township, ward or other regularly constituted party committee of any political party or political body, is hereby authorized to receive and disburse money and incur liability for the election expenses of the candidates of such political party

or political body, without special written authorization from such candidates."

These provisions, without necessity of our further elaboration on the subject, provide expressly that the authorization to a State-wide committee is lawful. Further, they do not prohibit a candidate from utilizing the services of more than one committee. Since the Act of 1906, supra, a candidate has been permitted to use more than one committee, and, as the legislature has not seen fit to forbid this practice, it has, in effect, adopted the administrative construction.

While it is true that the provisions of section 1603, requiring the candidate to authorize a political committee to act for him, are new, they do not show any intent to depart from the past law. They merely provide that where a political committee is going to act, written authority must be received from the candidate and filed in the proper office. Each committee under the provisions of section 1602 must have a treasurer, and he must file an account. Hence the purpose of the act to secure full publicity is carried out whether one treasurer files an account or many. The public then has the same means of knowledge to determine whether or not illegal expenditures have been made.

2. Where must the authorization to a local political committee, given by a candidate for an office to be elected by the electors of the State at large, be filed?

As noted above, section 1603, supra, providing for the candidate's authorization, is a new provision of law. Under this section it is provided that the written authorization of the candidate to the committee must be filed, insofar as now pertinent, "in the office of the Secretary of the Commonwealth, in the case of State-wide committees, or in the office of the county board of elections of the county in which such treasurer maintains his office, in the case of other committees".

To ascertain where an authorization by a candidate to an office to be voted for by the electors of the State at

large must be filed, we must determine the meaning of "State-wide committees." We are aided in this determination by several factors. As we point out later, the only persons who may file an account are the candidate or the treasurer of a political committee. Hence, there would be no authority for the filing officer to receive accounts from any other persons. The receipt of an authorization by him enables him to determine that the person who later files the account had the right to collect funds, incur expenses, and make disbursements, and is the proper person to file the account. Therefore, that the authorization should be filed in the same office as the account would be consonant with reason. Section 1608 of the code prescribes the places for filing accounts. It provides, inter alia:

"Every such account concerning primary or election expenses incurred by or in regard to candidates for offices to be voted for by the electors of the State at large shall be filed with the Secretary of the Commonwealth, and every such account concerning expenses incurred by or in regard to candidates for other offices shall be filed with the county board of elections of the county wherein the candidate resides".

State-wide committees thus are those who have incurred expenses in behalf of candidates to be voted for by the electors of the State at large. Authorizations to such committees must be filed in the office of the Secretary of the Commonwealth, although they may function only over a limited territory.

3. May a State-wide candidate authorize political committees, who also function for local candidates, to act for him?

Again, the past practice is an aid in reaching our conclusion. Since the Act of 1906, slates have been popularly used, and one committee has functioned for all types of party candidates, local and State-wide. The legislature has not seen fit to forbid this practice under the code. On the contrary, implied recognition is given to the practice

by section 1608, which states, "if any *account* concerns expenses in regard to *candidates* who do not all reside in the same county" (italics supplied), a duplicate of such account shall be filed in the office of the county board of elections in which any such candidate (not State-wide) resides. The *"account"* may be for *"candidates"* in various counties. Accounts and authorizations, however, must be filed both in the office of the Secretary of the Commonwealth, because the committee acted for a State-wide candidate, and in the office of the board of elections of the proper county, with respect to the local candidates.

4. May the treasurer of a State-wide political committee, whose authorization by a State-wide candidate has been filed in the office of the Secretary of the Commonwealth, properly designate distributing agents in each of the 67 counties, who may, in the name of the State-wide central committee receive contributions, incur expenses, and without transmitting the funds to the treasurer of the State-wide committee, disburse such funds subject to the duty of the treasurer to account for all such funds?

To answer this question several fundamental facts must first be stated.

A candidate may use agents to receive funds, incur expenses, and expend his money: Bechtel's Election Expenses, supra, expressly recognizes the right of a candidate to use such agents. It is he who is the recipient of contributions and who makes the expenditures, although they may be the means through which he operates. It would be impossible for him, in the majority of cases, to perform every function himself. However, *he* must make the accounting. So too, a political committee may use agents, but here again, the treasurer is solely responsible for their proper disbursement.

Section 1602 of the code provides:

"Every political committee shall appoint and constantly maintain a treasurer to receive, keep and disburse all sums of money which may be collected or received by such committee, or by any of its members for

primary or election expenses; and unless such treasurer is first appointed and thereafter maintained, it shall be unlawful for a political committee or any of its members to collect, receive or disburse money or incur liability for any such purpose. *All money collected or received by any political committee, or by any of its members for primary or election expenses, shall be paid over and made to pass through the hands of the treasurer of such committee and shall be disbursed* by him; and it shall be unlawful for any political committee, or any of its members, to disburse any money for primary or election expenses, unless such money shall have passed through the hands of the treasurer." (Italics supplied.)

Under this section the committee can have only one treasurer. There can be no subtreasurers. All money collected must "pass through the hands of the treasurer" and be disbursed by him. In other words, when the committee or its agent collects funds, they must be physically transmitted to the treasurer. He in turn may allot them to various agents in lump sums, but, *he* must account for their expenditure in the manner set out by the act. Agents have no right to receive funds and disburse them without the mechanism of this physical transfer to the treasurer. Any other result could lead to violation of the act, in that funds may not be properly accounted for and may be improperly expended.

The Act of 1906, supra, contained, insofar as now pertinent, the same language as section 1602. In Bechtel's Election Expenses, supra, the Superior Court discussed the right of one who was neither the candidate nor the treasurer of a political committee to receive and disburse funds. It stated at page 306:

"It is conceded that Nichter was himself neither a candidate nor the treasurer of any political committee. It was impossible, therefore, that he could lawfully expend any money for 'election expenses.' The third section of the act, hereinbefore quoted, flatly forbade his doing so. All that he was permitted to do with either his own money,

or with money coming to him from any source, was to turn it over to a candidate or to some committee whose treasurer could lawfully expend it."

Again, in the case of Alter's Account, 21 Dist. R. 374 (1912), Judge Shafer of the Court of Quarter Sessions of Allegheny County, stated at page 376:

"It is argued by petitioners' counsel that if the substitution of Mr. Alter for Mr. Little should be declared lawful, it would authorize the elected treasurer of a political committee to appoint a treasurer for every subdivision in the district as acting treasurer to receive and disburse moneys. *This would not follow, however, because it is plain that there can be but one treasurer at a time for each political committee. . . . The act does not require a candidate or treasurer to pay the money lawfully expended by him under the provisions of the act with his own hand to the person receiving it,* as pointed out by the Superior Court in the case of Bechtel's Election, 39 Pa. Superior Ct. 292. This would be impossible, as the act applies equally to state and county elections. The person to whom money is paid is not the agent who carries it from the treasurer to the person receiving it, and there is nothing in the act which requires that the names of such persons should be set out. What is required is that the accountant shall show the person who received the money to perform a certain service, and whether the money was sent to him by a check, or paid cash, or carried by messenger, or paid by an agent of the treasurer or candidate, can make no difference. We are of opinion, therefore, that this manner of accounting is strictly correct and that which is called for by the act." (Italics supplied.)

Under the code, as under the Act of 1906, an individual can financially aid a candidate only in two ways: He may contribute (1) to the candidate, or (2) to a political committee. When money is received by a political committee, the treasurer is alone responsible for its law-

ful expenditure. As stated in In re Petition of Wilhelm et al., 111 Pa. Superior Ct. 133 (1933), at page 137:

"When one contributes money either directly to a candidate or to the treasurer of a political committee, the candidate receiving the contribution or the treasurer of the committee is alone responsible for its lawful expenditure."

Finally, the right of a committee or a candidate to use agents and the responsibility for the strict accounting therefor by the candidate or the treasurer of the committee is found in Umbel's Election, 231 Pa. 94, 96 (1911), wherein the Supreme Court affirmed the Superior Court and adopted the opinion of Rice, P. J., which stated, inter alia:

"Although the candidate for nomination may make expenditures for lawful purposes through an agent, 'it is still he that acts and when he accounts he must account for all that he has done': Bechtel's Election Expenses, 39 Pa. Superior Ct. 292."

In conclusion, you are advised:

1. That a candidate for an office to be voted for by the electors of the State at large may authorize a central political committee to function over the entire State in his behalf, and may at the same time so authorize local committees to function in each of the 67 counties of the Commonwealth.

2. The authorization to act in behalf of the candidate must be filed by each political committee which functions for a State-wide candidate, in the office of the Secretary of the Commonwealth, regardless of the fact that the committee operates only in a particular county or district.

3. The same committee may lawfully represent both State-wide and local candidates.

4. Candidates and political committees may use agents. However, when moneys are received by agents of a political committee they must be transferred to the treasurer and must pass through his hands. It is he who must account for their proper expenditure.